**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
SOUTHERN DISTRICT OF FLORIDA

Case number *(if known)* _____   Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | iAero Group Parent LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 83-1480962 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5200 N.W. 36th Street <br> Miami, FL 33166 <br> *Number, Street, City, State & ZIP Code* | *P.O. Box, Number, Street, City, State & ZIP Code* |
| Miami-Dade <br> *County* | **Location of principal assets, if different from principal place of business** <br> *Number, Street, City, State & ZIP Code* |

5. **Debtor's website** (URL) _____

6. **Type of debtor**
   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  **iAero Group Parent LLC**  Case number (*if known*) _____
     Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **4812**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

Debtor  **iAero Group Parent LLC**                                    Case number (*if known*)
        Name

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    ☐ No
    ■ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor    **See Exhibit 1 attached**                              Relationship
    District                              When                        Case number, if known

11. **Why is the case filed in *this district*?**   *Check all that apply:*
    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
    ■ No
    ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)
    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard?
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other
    **Where is the property?**
                                          Number, Street, City, State & ZIP Code
    **Is the property insured?**
    ☐ No
    ☐ Yes.   Insurance agency
             Contact name
             Phone

---

■ **Statistical and administrative information**

13. **Debtor's estimation of available funds**   .   *Check one:*
    ■ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**
    ■ 1-49
    ☐ 50-99
    ☐ 100-199
    ☐ 200-999
    ☐ 1,000-5,000
    ☐ 5001-10,000
    ☐ 10,001-25,000
    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than100,000

15. **Estimated Assets**
    ■ $0 - $50,000
    ☐ $50,001 - $100,000
    ☐ $100,001 - $500,000
    ☐ $500,001 - $1 million
    ☐ $1,000,001 - $10 million
    ☐ $10,000,001 - $50 million
    ☐ $50,000,001 - $100 million
    ☐ $100,000,001 - $500 million
    ☐ $500,000,001 - $1 billion
    ☐ $1,000,000,001 - $10 billion
    ☐ $10,000,000,001 - $50 billion
    ☐ More than $50 billion

Debtor  **iAero Group Parent LLC**  Case number (*if known*)
        Name

| | | |
|---|---|---|
| **16. Estimated liabilities** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| | ☐  $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | iAero Group Parent LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **September 19, 2023**
MM / DD / YYYY

X **/s/ Kevin Nystrom**                                      **Kevin Nystrom**
Signature of authorized representative of debtor              Printed name

Title **Interim Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Paul Steven Singerman**                              Date **September 19, 2023**
Signature of attorney for debtor                              MM / DD / YYYY

**Paul Steven Singerman 378860**
Printed name

**Berger Singerman LLP**
Firm name

**1450 Brickell Avenue**
**Suite 1900**
**Miami, FL 33131**
Number, Street, City, State & ZIP Code

Contact phone **305-755-9500**     Email address **singerman@bergersingerman.com**

**378860 FL**
Bar number and State

## EXHIBIT 1 to Voluntary Petitions[1]

| Debtor Name | EIN | Date Filed | Case Number | District |
|---|---|---|---|---|
| AeroTech Miami Inc. d/b/a iAero Tech | 27-3072242 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| AeroThrust Delta PBH, LLC | 81-0966675 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| AeroThrust Holdings Aircraft and Engine Leasing, LLC | 82-3134451 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| AeroThrust Holdings Leasing, LLC | 32-0380152 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| iAero 11 Investments LLC | 93-2899894 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| iAero 11B Investments LLC | 84-4696126 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| iAero Group Bidco Inc. | 83-1473777 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| iAero Group Holdco 6 LLC | 83-4046980 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| iAero Group Intermediate Inc. | 83-4024712 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| iAero Group Parent LLC | 83-1480962 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| iAero Thrust Engine Test Center, LLC | 83-4403908 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| iAero Thrust LLC | 27-3738261 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| JAM Aerospace Parts, LLC | 81-1582331 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |

---

[1] For a detailed description of the relationship amongst the Debtors listed herein, please refer to the *Declaration of Kevin Nystrom in Support of Chapter 11 Petitions and First Day Pleadings*.

12281762-2

| Debtor Name | EIN | Date Filed | Case Number | District |
|---|---|---|---|---|
| New Swift Air Holdings, L.L.C. | 82-3287373 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| Swift Air, L.L.C. d/b/a iAero Airways | 20-2512506 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |
| Swift Air Travel, LLC | 37-1853558 | 9/19/2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Miami Division) |

**OMNIBUS ACTION BY WRITTEN CONSENT**
**FOR**

**iAero Group Holdco 6 LLC**
**iAero Group Parent LLC**
**iAero Group Intermediate Inc.**
**iAero Group Bidco Inc.**
**AeroTech Miami Inc. d/b/a iAero Tech**
**New Swift Air Holdings, L.L.C.**
**Swift Air, L.L.C. d/b/a iAero Airways**
**Swift Air Travel, LLC**
**iAero Thrust LLC**
**AeroThrust Holdings Leasing, LLC**
**iAero Thrust Engine Test Center, LLC**
**JAM Aerospace Parts, LLC**
**AeroThrust Delta PBH, LLC**
**AeroThrust Holdings Aircraft and Engine Leasing, LLC**
**iAero 11 Investments LLC**
**iAero 11B Investments LLC**

**September 19, 2023**

The undersigned, being all of the members of the Special Committee, the board of managers and the board of directors (as applicable, the "Governing Body") of the applicable entity set forth on **Exhibit A** attached hereto (each, a "Company", and collectively, the "Companies"), hereby adopt the following resolutions by this omnibus action by written consent (this "Written Consent") without a meeting pursuant to (as applicable) the bylaws or the limited liability company agreements (in each case as amended or amended and restated) of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on **Exhibit A**:

WHEREAS, the Governing Body has reviewed and considered the operational condition of the Companies and the business of the Companies on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, the liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the business, creditors and other parties in interest of the Companies; and

WHEREAS, the Governing Body has received, reviewed, and considered entering into the Restructuring Support Agreement substantially in the form made available to the Governing Body (the "Restructuring Support Agreement") by and among the Company Parties and the Consenting Stakeholders (as defined therein) and deems it is in the best interests of the Companies, their creditors, employees, and other parties in interest that the Companies enter into the Restructuring Support Agreement; and

WHEREAS, the Governing Body has received, reviewed and considered the recommendations of the legal and financial advisors of the Companies as to the relative risks and benefits of seeking relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101

1

et seq., the "Bankruptcy Code"), and the Governing Body has had an opportunity to consult with the legal and financial advisors of the Companies and has considered each of the strategic alternatives available to the Companies; and

WHEREAS, the Governing Body has received, reviewed, and considered entering into a commitment for debtor-in-possession financing on or about September 19, 2023, for a senior secured super priority delayed draw debtor-in-possession financing credit facility in an aggregate amount up to $22,503,876 (the "DIP Facility"), the Governing Body has received and reviewed the credit agreement and other documents relating to the DIP Facility (collectively, the "DIP Credit Agreement") with the lenders set forth therein, and the Governing Body agrees that the Companies should obtain the benefits of the DIP Facility and desire that the Companies enter into the DIP Credit Agreement; and

WHEREAS, in the business judgment of the Governing Body, it is in the best interests of the Companies, their creditors, employees, and other parties in interest that a petition be filed by each Company seeking relief under the provisions of the Bankruptcy Code; and

WHEREAS, the Governing Body desires that the Companies file or cause to be filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Petitions") and the following resolutions are hereby adopted by this Written Consent:

I. Restructuring Support Agreement

IT IS THEREFORE RESOLVED, that the Governing Body hereby approves and ratifies the form, terms and provisions of the Restructuring Support Agreement and the Companies' execution and delivery of the Restructuring Support Agreement and the Companies' performance thereunder; and it is further

RESOLVED, that the Governing Body hereby authorizes the members of the Governing Body, the officers of the Companies, and the directors and managers of the Companies, as applicable (collectively, the "Authorized Officers"), and each of them, acting alone or in any combination, on behalf of the Companies to execute and deliver to the appropriate parties and to perform each Company's obligations under the Restructuring Support Agreement, including, but not limited to, the execution, delivery and performance of any agreements, documents, instruments or certificates constituting exhibits, annexes or schedules to, or required to be executed pursuant to, the Restructuring Support Agreement, in each case, with such changes therein or additions thereto as the Authorized Officer executing the same shall approve and the execution thereof by any such Authorized Officer to be conclusive evidence of such approval of such changes or additions; and it is further

II. Chapter 11 Cases

RESOLVED, that the Governing Body hereby approves the filing of Petitions on behalf of the Companies in the United States Bankruptcy Court for the Southern District of Florida – Miami Division (collectively, the "Chapter 11 Cases") on or about September 19, 2023; and it is further

RESOLVED, that appropriate employees and consultants of the Companies are hereby authorized, directed and empowered (i) to file the Petitions for the Companies, (ii) to commence

the Chapter 11 Cases, and (iii) to execute and deliver any and all documents and to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper and necessary to effect any of the foregoing; and it is further

RESOLVED, that the Authorized Officers, and each of them, acting alone or in any combination, on behalf of and in the name of the Companies, be, and hereby are, authorized, directed and empowered, to prepare, execute and/or verify and to cause to be filed, and any other applicable officer, be and each hereby is, authorized to attest to, any and all documents required by, necessary or appropriate to, the filing and administration of the Chapter 11 Cases, including but not limited to the Petitions, as well as all other ancillary documents (including, but not limited to, petitions, schedules, statements, lists, motions, applications, DIP Credit Agreement(s), objections, responses, affidavits, declarations, complaints, pleadings, disclosure statements, plans of reorganization or liquidation and other papers or documents), including but not limited to, any amendments, modifications or supplements thereto (collectively, the "Chapter 11 Documents"); and it is further

RESOLVED, that any of the Authorized Officers, who may act without the joinder of any other officer, director or manager, is hereby authorized to execute and deliver the Chapter 11 Documents in the name and on behalf of each of the Companies and otherwise to take all actions (including, without limitation, (i) negotiate, execute, deliver, and file any agreement, certificate, or other instrument or document, (ii) pay any retainer or consideration for any professional retained by the Companies in the Chapter 11 Cases, and (iii) pay other expenses as any such Authorized Officer may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to be necessary, appropriate, or advisable) in order to commence and administer the Chapter 11 Cases, and all acts of the Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

III.   Retention of Professionals

RESOLVED, that the Governing Body hereby approves and ratifies the employment by the Companies of the law firms of King & Spalding LLP ("K&S") and Berger Singerman LLP ("Berger Singerman") to represent the Companies as their general bankruptcy counsel and to assist the Companies in carrying out their duties under the Bankruptcy Code and all related matters, and to take any and all actions appropriate to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with K&S and Berger Singerman, pay appropriate retainers to K&S and Berger Singerman prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of K&S and Berger Singerman; and it is further

RESOLVED, that the Governing Body hereby approves and ratifies the employment by the Companies of the firm AP Services, LLC ("APS"), to provide restructuring and other services to the Companies, and to provide the services of an Interim Chief Executive Officer and certain

support personnel, and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with APS, pay appropriate retainers to APS prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of APS; and it is further

RESOLVED, that the Governing Body hereby approves and ratifies the employment by the Companies of the firm Jefferies LLC ("Jefferies"), as investment bankers to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and it is further

RESOLVED, that the Governing Body hereby approves and ratifies the employment by the Companies of the firm Kroll Restructuring Administration LLC ("Kroll") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll; and it is further

RESOLVED, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers acting alone or in any combination, hereby are authorized, directed and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of such firms; and is further

IV. Debtor-in Possession Financing

RESOLVED, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Companies, (A) to obtain post-petition financing according to the terms negotiated by the senior management of the Companies, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and (B) to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interests in, all or any portion of the Companies' assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Companies, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are

4

necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that the form, terms, and provisions of the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), and the Companies' incurrence and performance of their obligations under the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), including any borrowings thereunder, granting of liens on, or security interests in, all or any portion of the Companies' assets as provided therein, and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects authorized and approved; and further resolved, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause the Companies to incur and perform their respective obligations under the DIP Facility and the DIP Credit Agreement and each of the agreements, documents, and instruments contemplated by any of the foregoing or requested by the DIP Facility lenders in connection with any of the DIP Facility (together with the DIP Credit Agreement, the "DIP Facility Documents"), in the name and on behalf of the Companies under their seals or otherwise, substantially in the forms presented to the Governing Body, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusive evidenced by his or her execution thereof; and it is further

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendments and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions, and extensions of the DIP Facility and the DIP Facility Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Facility Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

V. General Authorizations and Ratifications

RESOLVED, that the Authorized Officers be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Companies, to (i) take such further actions and execute and deliver or cause to be executed and delivered, where necessary or appropriate, file (or cause to be filed) with the appropriate governmental authorities all such other certificates, instruments, guaranties, notices and documents as may be required or as such Authorized Officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (ii) perform the obligations of the Companies under the Bankruptcy Code, the DIP Facility, the DIP Credit Agreement, and any other DIP Facility Documents, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed

and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such officer and by the Companies, and (iii) incur and pay such fees, expenses and other amounts as in his, her or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of each of the Companies, to adopt resolutions and otherwise exercise the rights and powers of the Companies as such Authorized Officer may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the applicable Companies; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects, confirmed, ratified and approved; and it is further

RESOLVED, that these resolutions and actions shall be the actions of the Governing Body of each Company. The Interim Chief Executive Officer of Holdco 6 is hereby directed to place this Written Consent with the records of the proceedings of the Governing Body and with the records of each Company; and it is further

RESOLVED, that this Written Consent may be executed and delivered by electronic transmission with the same effect as delivery of an original.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the undersigned have caused this Written Consent to be duly executed and delivered as of the date first above written.

_____

**Patrick J. Bartels Jr.**, in his capacities as (i) a member of the Special Committee of iAero Group Holdco 6 LLC; (ii) a director of iAero Group Intermediate Inc., iAero Group Bidco Inc., and AeroTech Miami Inc. d/b/a iAero Tech; and (iii) a manager of iAero Group Parent LLC, New Swift Air Holdings, L.L.C., Swift Air, L.L.C. d/b/a iAero Airways, Swift Air Travel, LLC, iAero Thrust LLC, AeroThrust Holdings Leasing, LLC, iAero Thrust Engine Test Center, LLC, JAM Aerospace Parts, LLC, AeroThrust Delta PBH, LLC, AeroThrust Holdings Aircraft and Engine Leasing, LLC, iAero 11 Investments LLC, and iAero 11B Investments LLC

_____

**James D. Decker**, in his capacities as (i) a member of the Special Committee of iAero Group Holdco 6 LLC; (ii) a director of iAero Group Intermediate Inc., iAero Group Bidco Inc., and AeroTech Miami Inc. d/b/a iAero Tech; and (iii) a manager of iAero Group Parent LLC, New Swift Air Holdings, L.L.C., Swift Air, L.L.C. d/b/a iAero Airways, Swift Air Travel, LLC, iAero Thrust LLC, AeroThrust Holdings Leasing, LLC, iAero Thrust Engine Test Center, LLC, JAM Aerospace Parts, LLC, AeroThrust Delta PBH, LLC, AeroThrust Holdings Aircraft and Engine Leasing, LLC, iAero 11 Investments LLC, and iAero 11B Investments LLC

[*Signature Page to Written Consent*]

IN WITNESS WHEREOF, the undersigned have caused this Written Consent to be duly executed and delivered as of the date first above written.

_____

**Patrick J. Bartels Jr.**, in his capacities as (i) a member of the Special Committee of iAero Group Holdco 6 LLC; (ii) a director of iAero Group Intermediate Inc., iAero Group Bidco Inc., and AeroTech Miami Inc. d/b/a iAero Tech; and (iii) a manager of iAero Group Parent LLC, New Swift Air Holdings, L.L.C., Swift Air, L.L.C. d/b/a iAero Airways, Swift Air Travel, LLC, iAero Thrust LLC, AeroThrust Holdings Leasing, LLC, iAero Thrust Engine Test Center, LLC, JAM Aerospace Parts, LLC, AeroThrust Delta PBH, LLC, AeroThrust Holdings Aircraft and Engine Leasing, LLC, iAero 11 Investments LLC, and iAero 11B Investments LLC

_____

**James D. Decker**, in his capacities as (i) a member of the Special Committee of iAero Group Holdco 6 LLC; (ii) a director of iAero Group Intermediate Inc., iAero Group Bidco Inc., and AeroTech Miami Inc. d/b/a iAero Tech; and (iii) a manager of iAero Group Parent LLC, New Swift Air Holdings, L.L.C., Swift Air, L.L.C. d/b/a iAero Airways, Swift Air Travel, LLC, iAero Thrust LLC, AeroThrust Holdings Leasing, LLC, iAero Thrust Engine Test Center, LLC, JAM Aerospace Parts, LLC, AeroThrust Delta PBH, LLC, AeroThrust Holdings Aircraft and Engine Leasing, LLC, iAero 11 Investments LLC, and iAero 11B Investments LLC

[*Signature Page to Written Consent*]

## Exhibit A

**Companies**

| Company | Jurisdiction |
|---|---|
| iAero Group Holdco 6 LLC | Delaware |
| iAero Group Parent LLC | Delaware |
| iAero Group Intermediate Inc. | Delaware |
| iAero Group Bidco Inc. | Delaware |
| AeroTech Miami Inc. d/b/a iAero Tech | Florida |
| New Swift Air Holdings, L.L.C. | Delaware |
| Swift Air, L.L.C. d/b/a iAero Airways | Arizona |
| Swift Air Travel, LLC | Delaware |
| iAero Thrust LLC | Florida |
| AeroThrust Holdings Leasing, LLC | Florida |
| iAero Thrust Engine Test Center, LLC | Florida |
| JAM Aerospace Parts, LLC | Florida |
| AeroThrust Delta PBH, LLC | Florida |
| AeroThrust Holdings Aircraft and Engine Leasing, LLC | Florida |
| iAero 11 Investments LLC | Delaware |
| iAero 11B Investments LLC | Delaware |

[*Exhibit A to Written Consent*]